UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARMEN M. SANABRIA,                             : | |
|       *Plaintiff*                                                : | |
| v.                                                                    : | C.A. No. 1:17 – cv - |
|                                                                        : | |
| CITY OF WOONSOCKET,                              : | |
| through its Treasurer, Kerry Vasaturo,      : | |
| WOONSOCKET POLICE DEPARTMENT,       : | **Jury Trial Demanded** |
| JOSEPH P. BRAZIL, alias, individually and in : | |
| his official capacity, MATTHEW J. DERHAM, : | |
| alias, individually and in his official capacity, : | |
| and JANE DOE, alias, JOHN DOES 1-4, alias,  : | |
| individually and in their official capacities as : | |
| members of the WOONSOCKET POLICE        : | |
| DEPARTMENT,                                               : | |
|       *Defendants*                                           : | |

**COMPLAINT**

**I.  INTRODUCTION**

    1.    During the course of arresting Carmen Sanabria for two misdemeanor offenses in the early morning of October 25, 2014, Woonsocket Police Officers Joseph Brazil and Matthew Derham ignored Plaintiff Sanabria's screams of pain.  Despite hearing Plaintiff Sanabria begging them to stop because she was recovering from shoulder surgery, the Defendant officers continued to pull her arms so severely that Plaintiff's recuperation from surgery was significantly impaired.

    2.    When Plaintiff Sanabria arrived at the Woonsocket Police Station, no one offered her any kind of medical attention even though she told police personnel that she was injured.  As the night progressed, Plaintiff, who suffered and still suffers from PTSD, bi-polar disorder, anxiety, and chronic depression, became so despondent that she suffered a panic

attack and began hitting her head against the wall.  Yet instead of conducting any assesment, much less offering medical attention for her physical or mental health, Defendant Jane Doe and Defendants John Does 1-4 recuffed Plaintiff Sanabria, harshly pulling her arms again and threatening to keep her handcuffed indefinitely if she did not stop banging her head.

3.      Defendants engaged in this sadistic act of retaliation using one of Plaintiff's disabilities to punish her for the other after she had told them at least eight (8) times in loud and clear language that her shoulder was injured.

4.      Through this civil action, Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages for acts and/or omissions of Defendants in violation of Plaintiff's right to freedom from excessive force under the Fourth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, and under Article 1, §6 of the Rhode Island Constitution, and the laws of the State of Rhode Island. Plaintiff also seeks relief under Title II of the Americans with Disabilities Act ("ADA") 42 U.S.C. §12132, *et seq.,* , Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq.* ("Rehabilitation Act") and the Rhode Island Civil Rights of People with Disabilities Act ("RICRPDA"), R.I. Gen. Laws § 42-87-1, et. seq.

## II. PARTIES

5.      Plaintiff Carmen Sanabria ("Plaintiff Sanabria") is a resident of Woonsocket and the State of Rhode Island.  She was a "qualified individual with a disability" as defined in 42 U.S.C. §12131(2), the Americans with Disabilities Act (ADA) and under the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87-1(6)(iii) because of her history of

chronic and severe mental health conditions, as well as impairments due to her shoulder surgery which substantially limited major life activity.

6. Defendant City of Woonsocket ("City") is a municipal corporation duly authorized and organized under the laws of the state of Rhode Island and is sued through its treasurer, Kerry Vasaturo, alias, the official designated by state law, R.I.G.L. §45-15-5, to be named in a suit for relief against the City. Upon information and belief, the Woonsocket Police Department receives a portion of its funding from the federal government.

7. Defendant Joseph Brazil ("Defendant Brazil") was at all times relevant to this complaint a police officer in the Woonsocket Police Department and at all relevant times was acting under color of law.

8. Defendant Matthew Derham ("Defendant Derham") was at all times relevant to this complaint a police officer in the Woonsocket Police Department and at all relevant times was acting under color of law.

9. Defendant Jane Doe and Defendants John Does 1-4 were at all times relevant to this complaint a police officer in the Woonsocket Police Department and at all relevant times were acting under color of law.

### III. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1367, jurisdiction over the ADA claims pursuant to 42 U.S.C. §12133, and jurisdiction over the claims under the Rehabilitation Act pursuant to 29 U.S.C. §794a.

11. Venue is proper in this Court since, on information and belief, all of the Defendants reside or may be found in the District of Rhode Island in compliance with the

requirements set forth in 28 U.S.C. §1391.  Venue is also proper because a substantial part of the events or omissions giving rise to the claims occurred in the District of Rhode Island.

### IV.  STATEMENT OF FACTS

12.     At approximately 1:00 a.m. on Saturday, October 25, Plaintiff Sanabria was with her brother, Elvin Sanabria ("Mr. Sanabria"), in a parking lot on Arnold Street in Woonsocket, across from the Back Street Sports Bar.

13.     Plaintiff Sanabria was approximately thirty (30) feet away from Mr. Sanabria when she saw a man start punching her brother.

14.     Although there were two police cars at the other end of the parking lot, Plaintiff Sanabria was closer to Mr. Sanabria than the officers were, so she rushed to where he was in order to protect him.

15.     As Plaintiff Sanabria attempted to break up the confrontation, Defendants Brazil and Derham approached her from behind.  While Plaintiff Sanabria was unable to see them and with no warning at all, they grabbed her upper arms and pulled hard in an upward direction.

16.     Immediately, Plaintiff Sanabria began screaming, "Please, I just had surgery! Please, you're hurting me!"

17.     The surgery Plaintiff Sanabria was referring to had taken place barely eight weeks earlier, on August 25, and involved repair of a a torn rotator cuff and removal of a piece of her collarbone. (See EXHIBIT A, Letter from Dr. John Golberg).

18.     Although Plaintiff's recovery was proceeding well, she still had limited mobility and strength in her shoulder, and needed help from people to perform basic duties requiring lifting, such as laundry, cooking, and cleaning.

19. Plaintiff Sanabria called out at least three separate times while Defendants Brazil and Derham pulled on her arms that she had had surgery on her shoulder, and that their actions were causing her exceptional pain.

20. But Defendants Brazil and Derham chose to ignore Plaintiff Sanabria's cries and continued pulling both her arms inward toward her spine as they placed handcuffs on her, with her arms behind her back.

21. As Defendants Brazil and Derham grabbed Plaintiff Sanabria and pulled her about, her glasses fell off and landed on the ground. They were broken beyond repair.

22. Plaintiff Sanabria is only five feet three inches tall, with a small build, and was unarmed. The only movements she made from the time Defendants started pulling her arm was turning her body in an attempt to relieve the excruciating pain in her shoulder.

23. Upon information and belief, Defendants Brazil and Derham are at least five feet nine inches tall, muscular build, and trained in various methods to safely subdue a subject. Plaintiff Sanabria presented no danger to them.

24. Defendants Brazil and Derham roughly pushed Plaintiff Sanabria over to their patrol car, where either Defendant Brazil or Derham pushed her hard against the car and patted her down.

25. Defendant Brazil transported Plaintiff Sanabria to the Woonsocket Police station. During the car ride she told Defendant Brazil at least three more times that she was recovering from shoulder surgery and that she was in a great deal of pain.

26. At the police station, made no inquiries into Plaintiff Sanabria's medical condition, but instead charged her with misdemeanor counts of Disorderly Conduct, R.I. Gen. Law §11-45-1, and Resisting Arrest, R.I. Gen. Law §12-7-10.

27. Plaintiff Sanabria told officers at the police station, in front of Jane and John Does, two more times that she had severe pain due to her injured shoulder and the officers pulling her arms.

28. Nonetheless, Defendants Jane and John Does left Plaintiff Sanabria handcuffed from behind during the booking process and then while she was sitting on a bench. Officers finally removed the handcuffs from Plaintiff Sanabria after at least fifteen to twenty minutes. Several officers walked past Plaintiff Sanabria without inquiring as to her medical condition or offering any treatment options.

29. Still suffering pain from her re-injured shoulder and triggered by the evening's traumatic events, Plaintiff Sanabria was struck with a panic attack, and began to hit her head against the wall.

30. Four or five police officers approached Plaintiff Sanabria. Instead of performing any type of mental health check, or attending in any way to her physical or mental health crises, Defendant Jane Doe and Defendants John Does 1-4 grabbed and pulled Plaintiff Sanabria's arms, and placed the handcuffs back on her, with her arms pulled tightly behind her back.

31. Defendant Jane Doe then threatened Plaintiff Sanabria that if she didn't stop banging her head on the wall, the police would keep the handcuffs on indefinitely, thus retaliating against her based on her mental health and physical disabilities.

32. Defendants did not question Plaintiff Sanabria about why she was banging her head on the wall, nor did they make any attempt whatsoever to evaluate Plaintiff Sanabria's mental health.

33. Instead of provide assessment or treatment, Defendants Jane Doe and John Does 1-4 attempted to escalate the situation by using a brutal technique which they knew would cause severe pain, laughing at her and making rude comments as they did.

34. Instead of helping Plaintiff Sanabria to calm herself, Defendant Jane Doe and Defendants John Doe 1-4 threatened to use this brutal technique to force Plaintiff Sanabria into submission rather than addressing the obvious symptom of an acute mental health episode.

35. Pulling Plaintiff Sanabria's arms behind her back and using handcuffs to hold them there, caused pain and damage to her shoulder but created no physical barrier to prevent Ms. Sanabria from continuing to bang her head against the wall.

36. Denied access to any sort of health care and terrified of the potential harm to her injured shoulder if the Defendants carried out their threat to keep her handcuffed, Plaintiff Sanabria spent the night rocking back and forth on the concrete bench, wracked by anxiety and unable to sleep for the rest of the night.

37. Later that morning, still October 25, 2014, Plaintiff Sanabria was seen by the Bail Magistrate and released.  Woonsocket Police charged her with Disorderly Conduct (R.I.Gen.L. §11-45-1) and Resisting Arrest (R.I.Gen.L. §12-7-10).

38. By evening of October 25, 2014, the pain Plaintiff Sanabria experienced in her shoulder was so severe that she went to the emergency room at Landmark Medical Center. Clinicians examined her, took x-rays, and prescribed percoset for her pain.

39. Three days later on October 28, 2014, Plaintiff Sanabria was seen by Dr. John Golberg, the orthopaedic surgeon who had performed the surgery on her shoulder the previous August, 2014.

40. Dr. Golberg found that Plaintiff Sanabria's shoulder strength and mobility were significantly and unexpectedly impaired since her last visit and that the recovery he had been expecting from her surgery was now delayed.

41. On November 18, 2014 Plaintiff Sanabria was arraigned in Rhode Island District Court, Sixth Division. She pled not guilty to both charges.

42. On December 15, 2014 the Court accepted Plaintiff Sanabria's plea of Nolo Contendere to the charge of Disorderly Conduct. The City of Woonsocket dismissed the charge of Resisting Arrest.

43. On or about December 30, 2014, Plaintiff Sanabria submitted a complaint to the Woonsocket Police Department concerning the incidents during and subsequent to her arrest on October 25. She received no response.

44. Through counsel, on January 20, 2015 Plaintiff Sanabria inquired with Lt. Edward Cunanan ("Lt. Cunanan") of the Woonsocket Police Department's Office of Professional Standards as to the status of her complaint.

45. Lt. Cunanan replied that he did not have a copy of the complaint.

46. Plaintiff Sanabria, through counsel, resubmitted the complaint via email on January 20, 2015.

47. Within the next week, Lt. Cunanan contacted Plaintiff Sanabria directly, even though he was aware she was represented by counsel, and attempted to interview her concerning the complaint outside the presence of her attorney.

48. Lt. Cunanan agreed to meet with Plaintiff Sanabria in the presence of counsel and conducted an interview with her at Woonsocket Police Department on January 30, 2015.

49. During the interview, which Lt. Cunanan taperecorded, he belittled Plaintiff Sanabria for filing a complaint and indicated that he did not believe the officers had engaged in any misconduct. Lt. Cunanan's words were so harsh and negative that Plaintiff Sanabria began to cry.

50. By March 4, Plaintiff Sanabria had received no decision regarding her complaint, and through her attorney she contacted Lt. Cunanan.

51. On March 5, Lt. Cunanan informed Ms. Sanabria's attorney via email that the complaint was closed, under the category "exonerated," meaning that the "incident occurred, but [that the] officer's action was lawful or proper."

52. The Woonsocket Police Department provided no information whatsoever to Plaintiff Sanabria concerning any additional greivance procedure for individuals with disabilities, nor did the Department provide any information concerning its policies, procedures or practices relating to persons with disabilities.

53. Upon information and belief, the City of Woonsocket has engaged in a pattern and consistent practice of failing to adequately investigate civilian complaints of excessive force against its police officers.

54. The procedures demonstrated by the Woonsocket Police Department's Office of Professional Responsibility in its handling of Plaintiff Sanabria's complaint demonstrate deliberate indifference to the use of excessive force by Woonsocket Police officers.

55. The City of Woonsocket's knowledge of and failure to sufficiently address the use of excessive force by its officers, through adequate supervision, discipline or training, create an environment in which individual police do not expect reprisal should they use excessive force in encounters with civilians.

56. The City of Woonsocket fails to adequately investigate civilian complaints alleging that its officers violated state or federal laws concerning discrimination against people with disabilities.

57. The City of Woonsocket has failed to adequately instruct its police officers in the evaluation of and responses to people in mental health crisis or in proper practices and procedures to accomodate physical disabilities during arrest and apprehension of civilians .

58. The Woonsocket Police Department had a policy, custom, or practice of handcuffing individuals with hands behind their back regardless of whether the individual posed any threat to the officers.

59. The Woonsocket Police Department had a policy, custom, or practice of failing to train their officers that those who can not rotate their arms should be accomodated by being handcuffed in a different way.

60. The Woonsocket Police Department failed to train Defendants Brazil, Derham, Jane Doe, and John Does 1-4 that they should alter the methods of handcuffing or remove handcuffs altogether if a person communicates that they are in great pain.

61. The Woonsocket Police Department failed to train Defendants Brazil, Derham, Jane Doe and John Does 1-4 that they should gather basic information concerning an individual's medical condition when when taking that person into custody.

62. The Woonsocket Police Department failed to train Defendants Jane Doe and John Does 1-4 that retaliation against people because of a disability violates the law.

63. Each Defendant had the opportunity to prevent other Defendants from engaging in acts or ommissions that violated Plaintiff Sanabria's rights under the Constitution and Federal and State laws.

64. As a direct and proximate result of the said acts of the Defendants, Plaintiff Sanabria suffered the violation of her constitutional rights, great physical pain and injury requiring treatment, and emotional trauma and suffering.

## VI.  CLAIMS FOR RELIEF

### COUNT ONE
*Excessive Force in Violation of the Fourth and Fourteenth Amendments of the United States Constitution Against All Indivdual Defendants, Actionable Under 42 U.S.C. 1983*

65. Plaintiff incorporates the allegations contained in paragraphs 1 – 64 as if fully set forth herein.

66. Defendants, acting under color of state law, by their individual and/or concerted acts and/or ommissions, including but not limited to those described herein, violated Plaintiff Sanabria's right to be free from excessive use of force by persons acting under color of state law, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of Rights secured under the Fourth and Fourteenth Amendments of the United States Constitution.

## COUNT TWO
### *Excessive Force in Violation of Article 1, §6 of the Rhode Island Constitution*
**Against All Individual Defendants**

67. Plaintiff incorporates the allegations contained in paragraphs 1 – 64 as if fully set forth herein.

68. Defendants, acting under color of state law, by their individual and/or concerted acts and/or ommissions, including but not limited to those described herein, violated Plaintiff Sanabria's right to be free from excessive use of force by persons acting under color of state law, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of Rights secured under Article 1, §6 of the Rhode Island Constitution.

## COUNT THREE
### *Discrimination based on Disability in Violation of Article 1, §2 of the Rhode Island Constitution*

69. Plaintiff incorporates the allegations contained in paragraphs 1 – 64 as if fully set forth herein.

70. Defendants discriminated against Plaintiff Sanabria based on her disability through their concerted and individual actions, in contradiction of the Rhode Island Constitution.

## COUNT FOUR
### *Common Law Assault Against All Defendants*

71. Plaintiff incorporates the allegations contained in paragraphs 1 – 64 as if fully set forth herein.

72. Defendant Officers, while acting in the scope of their employment and by their individual and/or concerted acts and/or omissions including but not limited to those

described herein, placed Plaintiff in reasonable fear of imminent bodily harm, and thereby committed an assault upon Plaintiff, thereby causing Plaintiff to sustain harm as aforesaid.

## COUNT FIVE
### *Common Law Battery Against All Defendants*

73. Plaintiff incorporates the allegations contained in paragraphs 1 – 64 as if fully set forth herein.

74. Defendant Officers, while acting in the scope of their employment and by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, intended to cause and in fact caused a harmful and offensive touching of and trauma upon the Plaintiff's body without consent or privilege, and thereby committed a battery upon Plaintiff, thereby causing Plaintiff to sustain harm as aforesaid.

## COUNT SIX
### *Discrimination Based on Disability in Violation of Title II of the Americans with Disabilities Act Against All Defendants*

75. Plaintiff incorporates the allegations contained in paragraphs 1 – 64 as if fully set forth herein.

76. Defendant discriminated by failing to provide accomodations and by failing to train its officers as described herein.

## COUNT SEVEN
### *Violation of the Civil Rights of People with Disabilities Act, R.I.Gen.L. §42-87-1 et seq.*

77. Plaintiff incorporates the allegations contained in paragraphs 1 – 64 as if fully set forth herein.

78. Defendants were informed that Plaintiff Sanabria's physical disability made handcuffing very painful for her. Nevertheless they disregarded her statements and handcuffed her with hands behind her back, refusing to offer any accomodations.

79. Instead of assessing Plaintiff Sanabria's mental health conditions or offering any type of accomodation or medical care, Defendants discriminated against Plaintiff Sanabria by threatening to punish her by keeping her in handcuffs in response to her mental health condition.

## VII.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this Court grant the following relief:

1. Declaratory judgment declaring that the Defendants violated Plaintiff's state and federal constitutional rights, statutory rights, and common law rights in the manner alleged herein or as established after hearing or trial;

2. Permanent injunction directing Defendant City of Woonsocket to properly select, train, instruct, supervise and/or discipline officers in areas related to these claims, such as:

   a. Rights of civilians under the Fourth Amendment, especially in regards to the use of force when effecting arrests;

   b. Proper accomodations for people with physical disabilities during aprehension and arrests;

   c. Appropriate assessment of and responses to individuals with mental health disabilities, especially during arrest and detention.

3. An award of compensatory damages;

4. An award of punitive damages;

5.  An award of reasonable attorney's fees and costs of litigation to Plaintiffs pursuant to 42 U.S.C. §1988;

6.  Such other and further relief as this Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiff hereby designates Shannah Kurland, Esquire, as trial counsel.

                                      Plaintiff, **Carmen M. Sanabria**,
                                      By her attorney,

**Date: October 24, 2017**           /s/ Shannah Kurland
                                      **Shannah Kurland, Esq.** (#9186)
                                      149 Lenox Ave.
                                      Providence, RI 02907
                                      Phone:  (401) 439-0518
                                      Email: skurland.esq@gmail.com