IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Carmen Sanabria** | : | |
| *Plaintiff* | : | |
| v. | : | C.A. No. 17-cv-00494-MSM-LDA |
| | : | |
| CITY OF WOONSOCKET, et al. | : | |
| *Defendants* | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**I. CREDIBILITY OF WITNESSES**

**a. Number**

After making your own judgment, you may believe everything a witness says, or part of it, or none of it at all. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. Rather, it is the quality of the witnesses' testimony that counts. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**b. Law Enforcement**

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

## II. BURDEN OF PROOF

a. **Burden of Proof - Fair Preponderance**

I have just told you that the burden of proof in this case is on the party making the claim in question, and in a few minutes I am going to describe in detail just what the Plaintiff must prove in order to prevail on her claim. The Plaintiff must prove her claim by what the law refers to as "a fair preponderance of the evidence" which is another way of saying that the party must prove them by "the greater weight of the evidence." To put it another way, you must be satisfied that the evidence shows that what the party making a claim is claiming is "more probably true than not."

Do not confuse the burden of proving something by a fair preponderance of the evidence with the burden of proving something beyond a reasonable doubt. As most of you probably know or have heard, in a criminal case the prosecution must prove the Defendant is guilty beyond a reasonable doubt. That is a very stringent standard of proof. However, this is not a criminal case.

Therefore, in order to prevail, the Plaintiff need not prove her claim beyond a reasonable doubt; she need only prove it by a fair preponderance of the evidence. Perhaps the best way to explain what is meant by a fair preponderance of the evidence is to ask you to visualize an old fashioned scale with two counter balancing arms and use it to mentally weigh the evidence with respect to the claim being made by the Plaintiff. If, after you have heard all the evidence relevant to the claim, you determine that the scale tips in favor of the Plaintiff, no matter how slightly it may tip, then the Plaintiff has sustained her burden of proving that particular claim to you by a fair preponderance of the evidence because she has made the scale tip in her favor.

If, on the other hand, you determine that the scale tips in favor of the Defendants, or that the scale is so evenly balanced that you cannot say whether it tips one way or the other, then the Plaintiff has failed to prove her claim by a fair preponderance of the evidence because she has not made the scale tip in her favor.

### III.  ELEMENTS OF SECTION 1983

The first claim is that the Defendants violated Plaintiff's civil rights, and is therefore liable to her under the federal law known as Section 1983. In order to win this claim, Ms. Sanabria must prove three elements: One, that the Defendants acted under the color of some law, custom or policy of the City; Two, that the Defendants' acts or conduct deprived the Plaintiff of one of her federal constitutional rights; and Three, that the Defendants' acts or conduct were the proximate cause of damages resulting to the Plaintiff.

#### a.  Color of law

State or local officials act "under color of law" when they act in their capacity has police officers.  There is no dispute that the defendants in this case were acting under color of law at the time of their interactions with Ms. Sanabria, and you must find this element to have been established.

#### b.  Violation of Constitutional Right

For the second element, the Plaintiff must prove that the Defendants violated one of her constitutional rights.  In this case, Ms. Sanabria alleges that the Defendants violated her rights under the Fourth Amendment of the United States Constitution.  The Fourth

Amendment reads in part, "The rights of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." Every person has the constitutional right to be free from the unreasonable search and/or seizure of his or her person by law enforcement agents. You must determine whether any seizures which you find took place were reasonable under constitutional standards. Plaintiff argues that Defendants made an unconstitutional seizure because they used excessive force when taking her into custody, and again when restraining her at the police station. I will provide you with more specific instructions about what "excessive force" means.

c. Causation

The third element to be proved is that the Defendants' violation of Plaintiff's constitutional rights caused her harm. If you find the Defendants used excessive force, the next question is whether that force caused the Plaintiff to suffer an injury or injuries. You must determine whether the excessive force was the "proximate cause," meaning the direct cause, of the injury. An injury or damage is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

III. EXCESSIVE FORCE

Plaintiff argues that Defendants made an unconstitutional seizure because they used excessive force when taking him into custody. Under the Constitution, a seizure by the police is unlawful when it is carried out in an unreasonable manner. Accordingly, the use of force

and/or the tactics used by the police in a seizure must be reasonable. Here, the uses of force at issue are the physical contacts and tactics that Defendants used against Ms. Sanabria. The question for you to resolve is this: would a reasonable and prudent officer, acting in the same situation, have utilized the restraints or tactics used by these officers against the Plaintiff?

There is no precise definition or formula available for determining whether force is excessive in a particular case. You should take into account the severity of the crime the police were investigating, whether the plaintiff posed an immediate threat to the safety of the officers or others, and whether the plaintiff was actively resisting arrest or attempting to avoid arrest by fleeing.

Whether the officers used reasonable force must be judged from the perspective of a reasonable police officer on the scene, the totality of circumstances confronting the officers, and the time available to the officers to assess the need for force under the circumstances of this case.

It is not necessary to find that a defendant had any specific intent to deprive the Plaintiff of her constitutional rights, or that they acted with malice or ill will in order to find for Plaintiff. Ms. Sanabria must prove only that the action was deliberate, not that the consequence was intended.

The use of force by police officers is not reasonable under the Constitution if there is no need for the type or amount of force used. It is unreasonable and a violation of the Fourth Amendment for a police officer to use physical force on a person who has been arrested and restrained, who is securely under the control of the police, and who is not attempting to escape.

IV.  THE AMERICANS WITH DISABILITIES ACT CLAIM

a.  Americans With Disabilities Act - Elements of the Claim

Under the Americans with Disabilities Act, Ms. Sanabria has the burden of proving each of the following elements by a preponderance of the evidence:

(1) that Ms. Sanabria was disabled, and I will define disability;

(2) that the City of Woonsocket, through the Defendant officers, knew or had reason to know that Ms. Sanabria was disabled;

(3) that the City of Woonsocket, through the Defendant officers, could have reasonably accommodated her disability;

(4) that the City of Woonsocket, through the Defendant officers failed to reasonably accommodate Ms. Sanabria's disability, causing Ms. Sanabria to suffer greater injury or indignity in the process than a non-disabled person under the same or similar circumstances.

b.  First Element—Whether Ms. Sanabria Has a Disability

The first element of a claim under the Americans with Disabilities Act is that Ms. Sanabria has a disability.  Congress instructs: "The primary purpose of the ADA Amendments Act is to make it easier for people with disabilities to obtain protection under the ADA. Consistent with the ADA Amendments Act's purpose of reinstating a broad scope of protection under the ADA, the definition of "disability" in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA. The primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of "disability." The question of

whether an individual meets the definition of "disability" [] should not demand extensive analysis." 28 C.F.R. §35.101; *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5, n.5 (1st Cir. 2000) (the regulations promulgated under the ADA are also "given legislative and hence controlling weight").

### c.  Definition of a Disability

A "disability" is a physical or mental impairment that substantially limits one or more major life activities. Physical or mental impairment includes any physiological disorder, or condition affecting one or more of the following body systems:

(1) neurological, musculoskeletal, special sense organs, respiratory, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine; or

(2) any mental or psychological disorder such as an intellectual disability, organic brain syndrome, emotional or mental illnesses, and learning disabilities.

### d.  Definition - "Major Life Activity"

A "major life activity" is an activity that is centrally important to everyday life, including the operation of major bodily functions. Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, writing, communicating, and concentrating,

A limitation is substantial if Ms. Sanabria was unable to perform the activity or was significantly restricted in doing so, compared to an average person in the general population. An impairment that substantially limits one major life activity is a disability even if it does not limit any other major life activity.

**e. Temporary Disability May Qualify**

An individual can qualified as disabled even if their condition is temporary, if the conditions substantially limits a person's major life activities for a period that meets a minimum range of six to twenty-four months.  See *Guzman-Rosario v. UPS*, 397 F.3d 6 (1st Cir. 2005).

**f.  Reasonable Accommodation – Applies to Arrest**

The American's with Disabilities Act forbids public entities, such as a police department, from excluding a disabled individual from participating in or receiving any benefits of its services, programs, or activities.

An arrest is an activity of a police department.  (United States Dept. of Justice, Amicus Brief, *City and County of San Francisco v. Sheehan,* U.S. Sup. Ct., No. 13-1412; see also *Haberle v. Troxell,* 885 F.3d 170 (3d Cir. 2018); *Seremeth v. Board of County Com'rs Frederick County*, 673 F.3d 333 (4th Cir. 2012); *Gorman v. Bartch,* 152 F.3d 907, 913 (8th Cir. 1998) (holding that the ADA "must be interpreted broadly to include the ordinary operations of a public entity in order to carry out the purpose of prohibiting discrimination"), *Gohier v. Enright,* 186 F.3d 1216, 1221 (10th Cir. 1999), (in which the Tenth Circuit "clarifie[d] that a broad rule categorically excluding arrests from the scope of Title II … is not the law." *Bircoll v. Miami-Dade County,* 480 F.3d 1072, 1085 (11th Cir. 2007)).

To determine the extent of the Defendants' obligation to provide Ms. Sanabria with any necessary accommodations at the time of her arrest and during her detention, you may consider the circumstances at the time, including criminal activity and safety concerns. *Windham v. Harris County,* 875 F.3d 229, 235 (5th Cir. 2017) (limited the holding of *Hainze* to exigent circumstances).

## V. COMPENSATORY DAMAGES--PAIN AND SUFFERING

Compensatory damages is an amount of damages intended to compensate the Plaintiff for whatever injury or loss she may have sustained as a result of the Defendants' conduct.

You may also award Plaintiff compensatory damages for emotional pain and suffering, mental anguish, loss of enjoyment of life, inconvenience, and emotional injuries. The plaintiff seeks to be compensated for the conscious pain and suffering that she endured as a result of the constitutional violations complained of. Pain means physical pain, the kind resulting from a physical impact or injury. It includes what we ordinarily think of as physical pain as well as discomfort, stiffness, and restriction of bodily motion that is caused by the pain or discomfort

If you find any defendant liable, you also may award the Plaintiff damages for any emotional pain and suffering she experienced as a result of the Defendant's wrongful conduct. Any amount awarded for bodily injuries or pain and suffering should be based upon your consideration of the nature, extent and duration of such injuries and such pain and suffering. In addition, you may compensate a Plaintiff for mental suffering, which may include nervousness, anxiety, worry, shock, humiliation, embarrassment or indignity. It is difficult to measure bodily injuries and pain and suffering in terms of money. Nevertheless, you may not speculate or guess as to what constitutes fair compensation for bodily injuries or for pain and suffering. Any award must be based on the evidence and what in your considered judgment constitutes fair and adequate compensation for such injuries and pain and suffering as have been proved. The determination of that amount, if any, is solely for you the jury to make. Suggestions of the attorneys as to how that amount might be computed are not binding upon you. You may, however, consider them if you find them helpful.

**VI. EGGSHELL SKULL DOCTRINE**

You should bear in mind it is settled principle that when a defendant's wrongful act causes injury, he is fully liable for the resulting damage even though the injured plaintiff had a preexisting condition that made the consequences of the wrongful act more severe than they would have been for a [typical] victim. Thus, even if you find that the Plaintiff had a preexisting condition rendering her more sensitive, you must still find the Defendants liable for all resulting damage, irrespective of such condition. (*Chrabaszcz, et al v. Johnston School Committee, et al.* D.R.I. 03-CV-133-S).

**VII. PUNITIVE DAMAGES**

In addition to compensatory damages, Plaintiff seeks to recover punitive damages in this case. The purpose of punitive damages is not to compensate a plaintiff but rather to punish a wrongdoer for outrageous or extraordinary conduct and to deter them [and others] from engaging in similar conduct in the future. (*Johnson v. Urban League of Rhode Island*, 1:09-cv-167, Judge McConnell; added text in brackets).

Intent ordinarily may not be proved directly because there is no way to directly examine the thoughts of another human being. You may, however, infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a person whose intent is in issue, and all other facts and circumstances which indicate his or her state of mind You may award the Plaintiff punitive damages whether or not you find that she suffered actual or compensatory damages. That is, you need not find that the Plaintiff incurred an economic or tangible loss in order to award punitive damages. In

addition, an award of nominal damages or actual damages will not prevent you from awarding punitive damages.

Punitive damages may not be awarded against the Municipal Defendant; that is, the City of Woonsocket. You may impose punitive damages against one or both of the individual Defendants, and you may award different amounts against each Defendant.

        Respectfully submitted,

        **Carmen Sanabria**, by her attorneys,

        /s/ Shannah Kurland
        Shannah Kurland, Esquire, RI Bar no. 9186
        149 Lenox Avenue
        Providence, RI 02907
        Telephone: 401.439.0518
        Email: skurland.esq@gmail.com

        /s/ Rosina Hunt
        Rosina Hunt, Esquire, RI Bar no. 4966
        68 Hamlet Street
        Woonsocket, RI 02865
        Telephone: 401-765-8111
        Email: rosinahunt@aol.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19 day of February, 2020, I electronically filed the herein notice by using CM/ECF System which will send a notice of electronic filing to the following:

Kathleen Hilton, Esq.
katie@desistolaw.com

Marc DeSisto
marc@desistolaw.com

/s/ Shannah Kurland